UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

PIETRO GIAMBRONE and BRIGID
GIAMBRONE,

                Plaintiffs,

                v.

MERITPLAN INSURANCE COMPANY,

                Defendant.

-----------------------------------------------------------------

MERITPLAN INSURANCE COMPANY,

                Third-Party Plaintiff,

                v.

CITY OF NEW YORK and NEW YORK CITY
DEPARTMENT OF PARKS AND RECREATION,

                Third-Party Defendants.

-----------------------------------------------------------------

**MEMORANDUM & ORDER**
13-CV-7377 (MKB) (ST)

MARGO K. BRODIE, United States District Judge:

      Plaintiffs, Pietro Giambrone and Brigid Giambrone, commenced the above-captioned action against Defendant Meritplan Insurance Company ("Meritplan") on October 24, 2013, alleging causes of action arising out of property damage to the Giambrone's home caused by tropical storm Hurricane Sandy on or about October 29, 2012.[1] On April 27, 2016, Meritplan filed a Third-Party Complaint against the City of New York and the New York City Department

---

[1] Plaintiff initially filed the instant lawsuit in New York State Supreme Court, Richmond County, and Meritplan removed the action to the Eastern District of New York on December 27, 2013. (Notice of Removal, Docket Entry No. 1.)

of Parks and Recreation, alleging claims for contribution and indemnity in connection with the damage to Plaintiffs' property. (Third-Party Compl., Docket Entry No. 140.)

On August 12, 2016, Third-Party Defendants moved to dismiss the Third-Party Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Third-Party Defs. Mot. to Dismiss, Docket Entry No. 157.) On August 19, 2016, the Court referred this matter to Magistrate Judge Steven L. Tiscione for a report and recommendation. (Order dated Aug. 19, 2016.) By report and recommendation dated February 28, 2017 (the "R&R"), Judge Tiscione recommended that the Court grant Third-Party Defendants' motion to dismiss. (R&R 23, Docket Entry No. 170.) No party has objected to the R&R.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015). The clear error standard also applies when a party makes only conclusory or general objections, or simply reiterates its original arguments. *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015) ("General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." (citation omitted)); *see also DePrima v. N.Y.C. Dep't of Educ.*, No. 12-CV-3626, 2014 WL 1155282, at *3 (E.D.N.Y. Mar. 20, 2014) (collecting cases).

The Court has reviewed the unopposed R&R and, finding no clear error, the Court adopts Judge Tiscione's R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1).  Accordingly, the Court grants Third-Party Defendants' motion to dismiss and dismisses the Third-Party Complaint with prejudice.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: May 24, 2017
       Brooklyn, New York